1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD LYLE STRATTON,

           Plaintiff,

   v.

STATE OF WASHINGTON,

           Defendant.

Case No.  C07-5684BHS-KLS

ORDER TO SHOW CAUSE

     This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint.  After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

     A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

     To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

ORDER
Page - 1

1  right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor,
2  451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Section
3  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
4  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

5       Plaintiff also must allege facts showing how individually named defendants caused or personally
6  participated in causing the harm alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
7  1981).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
8  responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
9  (1978).  A theory of *respondeat superior* is not sufficient to state a section 1983 claim.  Padway v.
10 Palches, 665 F.2d 965, 968 (9th Cir. 1982).

11      Plaintiff names the State of Washington as defendant in this case.  The Eleventh Amendment,
12 however, reads in relevant part:

13     The Judicial power of the United States shall not be construed to extend to any suit in
    law or equity, commenced or prosecuted against one of the United States by Citizens of
14     another State, or by Citizens or Subjects of any Foreign State.

15 U.S. Const. Amend XI.  Under the Eleventh Amendment, therefore, a state is not subject to suit by its
16 own citizens in federal court.  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  Accordingly, plaintiff's
17 claim against the State of Washington must fail as it is not liable in this Court.  Plaintiff also has failed to
18 show how any individually named defendant acting under state law caused or personally participated in
19 causing the harm alleged.

20      Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff shall file
21 an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why
22 this matter should not be dismissed by **no later than February 10, 2008**.  The amended complaint must
23 carry the same case number as this one.  If an amended complaint is not timely filed or if plaintiff fails to
24 adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant
25 to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

26      Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original
27 pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.
28 Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915
(1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original

complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 10th day of January, 2008.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3