1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD LYLE STRATTON,

    Plaintiff,

  v.

STATE OF WASHINGTON,

    Defendant.

Case No.  C07-5864BHS-KLS

REPORT AND
RECOMMENDATION

Noted for March 21, 2008

   This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §
636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983.  He
is proceeding *in forma pauperis* in this matter.  This matter is before the court due to plaintiff's failure to
properly respond to the undersigned's order to show cause by filing an amended complaint curing the
deficiencies noted therein.  For the reasons set forth below, the undersigned recommends plaintiff's
complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

<u>DISCUSSION</u>

   A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745
F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a
complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before
service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing*

1  Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

2      To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of

3  was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

4  right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor,

5  451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Section

6  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.

7  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

8      Plaintiff also must allege facts showing how individually named defendants caused or personally

9  participated in causing the harm alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.

10  1981).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory

11  responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58

12  (1978).  A theory of respondeat superior is not sufficient to state a section 1983 claim.  Padway v.

13  Palches, 665 F.2d 965, 968 (9th Cir. 1982).

14      In his complaint, plaintiff named the State of Washington as defendant in this case.  The Eleventh

15  Amendment, however, reads in relevant part:

16      The Judicial power of the United States shall not be construed to extend to any suit in
       law or equity, commenced or prosecuted against one of the United States by Citizens of
17      another State, or by Citizens or Subjects of any Foreign State.

18  U.S. Const. Amend XI.  Under the Eleventh Amendment, therefore, a state is not subject to suit by its

19  own citizens in federal court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  The undersigned thus

20  issued an order to show cause on January 10, 2008, finding plaintiff's claim against the State of

21  Washington had failed as it was not liable in federal court.  In addition, plaintiff had not shown any

22  individually named defendant acting under state law caused or personally participated in causing the harm

23  alleged.  Plaintiff was directed to file an amended complaint, curing, if possible, these deficiencies.

24      On January 18, 2008, plaintiff filed an amended complaint. (Dkt. #12).  That complaint though,

25  suffers from the same deficiencies as his original complaint.  The undersigned does note a letter plaintiff

26  addressed to the Clerk, in which he states that he has fixed all of the deficiencies in his complaint and that

27  he does not understand why it was deficient in the first place. (Dkt. #11).  The bases for the undersigned's

28  order to show cause, however, were clearly explained therein.

1    That undersigned further notes that in the same letter, plaintiff seeks clarification as to why the

2    order granting his application to proceed *in forma pauperis*, requires that the amount of the filing fee be

3    collected from his prison account.  As explained in that order, the calculation, collection and forwarding

4    of that amount to the Court is required by statute.  Indeed, as part of his application to proceed *in forma*

5    *pauperis*, plaintiff completed and signed an acknowledgment and authorization form acknowledging this

6    fact and authorizing the agency having custody of him to do so.

7                                    CONCLUSION

8    Because plaintiff has failed to properly respond to the undersigned's order to show cause directing

9    him to file an amended complaint curing the deficiencies in his original complaint, the undersigned

10   recommends the Court dismiss the amended complaint prior to service as frivolous pursuant to 28 U.S.C.

11   §1915(e).

12   Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),

13   the parties shall have ten (10) days from service of this Report and Recommendation to file written

14   objections thereto. <u>See also</u> Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

15   objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit

16   imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **March 21,**

17   **2008**, as noted in the caption.

18   DATED this 27th day of February, 2008.

21                                    Karen L. Strombom
22                                    United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3